IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § |
| | § |
| NICOLE LEEDY, | §   Criminal Action No. 3:15-cv-0307-M-(13) |
| | § |
| Defendant. | § |
| | § |
| | § |

## ORDER

Before the Court is Defendant's "Motion to Correct Clerical Error Pursuant to Federal Rules of Criminal Procedure Rule 36" (ECF No. 841). The Motion is GRANTED IN PART.

On July 8, 2015, an Indictment was filed charging Defendant with Conspiracy to Distribute a Controlled Substance. (ECF No. 1). On March 8, 2016, Defendant pled guilty to Count One of the Indictment. (ECF Nos. 301, 316). On July 15, 2016, the Court sentenced Defendant to 188 months of imprisonment, three years of supervised release, and a $100 mandatory special assessment on Count One of the Indictment. On August 12, 2016, the Court filed a Judgment reflecting Defendant's sentence. (ECF No. 523). The Judgment states that Defendant's sentence was to run concurrently with her related undischarged terms of imprisonment in two state cases: Case Nos. 2015-CR-8834 and 2015-CR-8835.

In her Motion, Defendant requests that the Court amend the Judgment to state that her sentence should also run concurrently with the sentence of imprisonment imposed for her unrelated state parole revocation, Case No. 2008-CR-11402, which was pending at the time of sentencing.

At sentencing, the Court intended that Defendant's sentence run concurrently with the related undischarged terms of imprisonment in Case Nos. 2015-CR-8834 and 2015-CR-8835 and consecutively with any terms of imprisonment for the pending unrelated parole violation in Case No. 2008-CR-11402.  The Court has confirmed that because the TDCJ ran Defendant's sentences from all three of her state cases concurrently with one another, and the Judgment was silent on any sentence for the pending unrelated state parole revocation, the BOP has been running Defendant's sentence in this case consecutively with the three state sentences.

Based on the clarifying information received from the BOP regarding its calculation of the instant offense as it relates to the three state sentences, the Court will enter an Amended Judgment with the specific wording required to reach its ultimate intent that Defendant received credit for the remainder of the related state sentences.  The Amended Judgment will also include specific language regarding the application of USSG § 5G1.3(b) in this case, which was addressed by the Court at sentencing.

**SO ORDERED**.

November 10, 2020.

_____
BARBARA M. G. LYNN
CHIEF JUDGE